# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL DEHAMM, | CASE NO. 06cv2355 JM |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Movant Michael Dehamm ("Dehamm") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 ("Motion"). Respondent United States of America opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the Motion is denied in its entirety. The Clerk of Court is instructed to close the file.

## BACKGROUND

On February 19, 2003 Defendant Dehamm was indicted on a single court of manufacturing counterfeit obligations in violation of 18 U.S.C. §471. Dehamm was charged with falsely making, forging, counterfeiting, or altering United States $100 Federal Reserve Notes.

On February 4, 2003, San Diego Police Department ("S.D.P.D.") Detective Kenneth Nelson received a tip identifying Dehamm as a counterfeiter of Federal Reserve Notes. Detective Nelson conducted a records check and discovered that Dehamm had a probation compliance search waiver as a result of several state court convictions. Detective Nelson then obtained a picture of Dehamm and showed it to the informant; the informant identified Defendant as the counterfeiter.

Detective Nelson then contacted the United States Secret Service to report Dehamm's counterfeiting activities. After the informant positively identified Dehamm, Detective Nelson spoke with United States Secret Service ("U.S.S.S."). Later that morning, members of the U.S.S.S., S.D.P.D., California Department of Justice, and San Diego County Probation executed a probation compliance search waiver on Defendant's residence, located at 8953 Idyllwild Lane, San Diego.

When the agents arrived at Dehamm's residence, he was placed in handcuffs because of concerns regarding officer safety arising from Dehamm's earlier conviction for battery on a peace officer. During the search agents discovered counterfeit $100 bills and counterfeiting paraphernalia. Dehamm's car was also searched revealing additional counterfeiting equipment. Dehamm made several statements to officers while handcuffed in his home, while being transported to U.S.S.S. offices, and after receipt of the Miranda advisements at the U.S.S.S. offices.

On October 21, 2003 the court denied Dehamm's motions to suppress evidence and statements. On November 14, 2003 Defendant pled guilty to a conditional plea agreement, preserving for appeal the previously denied motions to suppress statements, suppress evidence, and dismiss the indictment for violation of the Speedy Trial Act. On May 5, 2004 Dehamm was sentenced to a term of incarceration of 30 months, followed by a three year term of supervised release. Dehamm pursued an appeal of the denial of his motions to suppress statements and evidence. On August 16, 2005 the Ninth Circuit affirmed this court's denial of the motions.

On October 24, 2006, Dehamm filed the present Motion arguing that (1) he did not validly consent to a Fourth Amendment search waiver as a condition of probation and therefore all evidence should have been suppressed; (2) the police officers failed to provide him with his Miranda advisements are therefore all statements should have been suppressed; and (3) his counsel failed to provide effective assistance of counsel in violation of his Fifth and Sixth Amendment rights.

**DISCUSSION**

Waiver of Right to Collaterally Attack Sentence

The Government argues that Dehamm waived his right to collaterally attack his sentence and therefore the Motion must be denied. The waiver provision contained in the Conditional Plea Agreement provided, in pertinent part, that Dehamm waived his right to collaterally attack the

1 sentence

2
3       unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by Defendant at the time of sentencing.

4 (Clerk's Record, "CR," 52 at p.8). At the time of sentencing, Defendant recommended a final

5 Adjusted Offense Level of seven, a criminal history category of VI, with a corresponding Sentencing

6 Guideline Range of 15-21 months. As the 30 month custodial sentence imposed on Dehamm

7 exceeded the high end of the guideline range recommended by Defendant, the waiver provision does

8 not apply to prevent Dehamm from collaterally attacking his sentence.

9 <u>The Fourth Amendment Waiver</u>

10       The thrust of Dehamm's argument is that there was insufficient evidence to show that he

11 consented to the probation search condition established by the state court magistrate.[1] A habeas

12 petitioner who challenges the sufficiency of evidence must show that he was convicted without

13 sufficient proof. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787 (1979). Sufficient

14 proof of guilt exists if "after viewing the evidence in the light most favorable to the prosecution, any

15 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

16 <u>Id.</u> at 321.

17       Here, the evidence submitted at the time of the evidentiary hearing on Dehamm's motions to

18 suppress clearly supports the court's finding that Dehamm was advised and consented to the condition

19 of probation at the time of his sentencing on June 12, 2000 before Superior Court Judge Henry Wein.

20 (Gov't Response at p.6:16-21; Motion at p.9). When informed of the probation condition that he

21 submit to a search at any time, Dehamm responded that he understood the conditions and accepted

22 them. Moreover, Dehamm's consent was memorialized in the Superior Court order granting probation.

23 (RTMI 18-19, 39). In light of the validity of the compliance search waiver, government agents were

---

[1] In the Motion, Dehamm asserts that the Ninth Circuit never ruled on the issue of whether he had consented to the probation compliance search waiver. To the extent Dehamm seeks to argue that evidence should have been excluded under the Fourth Amendment (except the narrow issue of whether there was sufficient evidence to support a finding that Dehamm consented to the terms set forth in the probation compliance waiver), such claims are not cognizable in §2255 proceedings as long as the petitioner had a full and fair opportunity to raise the claims at trial and on direct appeal. <u>Stone v. Powell</u>, 428 U.S. 465 (1976; <u>Tisando v. United States</u>, 547 F.2d 452, 456 (9th Cir. 1976). Here, Dehamm was afforded a full and fair opportunity to raise his Fourth Amendment claims by means of pretrial motions.

1 | not required to obtain Dehamm's consent prior to searching the residence on Idyllwild Lane.

2 | In sum, there is sufficient evidence in the record to support a finding that Dehamm consented
3 | to the probation compliance search waiver.

4 | <u>The Miranda Issue</u>

5 | The court denies this portion of the Motion on two separate grounds. First, Fourth Amendment
6 | claims implicating the exclusionary rule are not generally cognizable in §2255 proceedings. <u>See</u>
7 | <u>Stone</u>, 428 U.S. 465. Second, on the merits, there is sufficient evidence to supports the court's finding
8 | that Dehamm's statements were voluntary and not in violation of <u>Miranda</u>. Dehamm contends that
9 | government agents violated <u>Miranda</u> when he was asked questions while handcuffed and seated on
10 | the couch while the agents conducted the search of the residence. When an investigatory stop
11 | constitutes an arrest is determined by the totality of the circumstances. <u>See</u> <u>United States v. Alvarez</u>,
12 | 899 F.2d 833, 836 (9th Cir. 1990). Here, the record shows that government agents had reasonable
13 | suspicion to detain Dehamm during the search to prevent flight and for officer safety as Dehamm had
14 | a history of violent crimes, including battery on a peace officer. <u>See</u> <u>Michigan v. Summers</u>, 452 U.S.
15 | 692, 701-03 (1981). Further, the questions asked of Dehamm involved routine biographical questions
16 | and his compliance with probation conditions. Defendant was not questioned as to his counterfeiting
17 | activities. Following discovery of Dehamm's counterfeiting activities at the residence, he was advised
18 | that he was under arrest and timely advised of his <u>Miranda</u> advisements. Under these circumstances,
19 | sufficient evidence supports the court's finding that no <u>Miranda</u> violation occurred in this case.

20 | In sum, the court denies the Motion based upon the <u>Miranda</u> arguments raised by Dehamm.

21 | <u>Ineffective Assistance of Counsel</u>

22 | Dehamm contends that he was provided ineffective assistance of counsel because there was
23 | a lack of trust between himself and counsel, counsel failed to file the present Motion on his behalf,
24 | failed to raise the most important arguments at the time of oral argument before the Ninth Circuit, and
25 | failed to timely file a petition for writ of certiorari before the Supreme Court. To establish a claim of
26 | ineffective assistance of counsel, Dehamm must demonstrate both that (1) defenses counsel's
27 | performance was deficient and , (2) that the deficient performance prejudiced his defense. 1002 (9th
28 | Cir. 1988). <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). There is a "strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Here, Dehamm fails to satisfy either prong of the Strickland test. To satisfy the first prong, Dehamm must show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). Plaintiff's conclusory claims fail to rebut the presumption that Dehamm's counsel acted within the wide range of reasonable professional conduct. Moreover, appointed counsel represented Dehamm at the trial court and on appeal. The court notes that there is no right to counsel to assist Dehamm with pursuing his claims on this Motion and before the Supreme Court. Further, the fact that counsel made the tactical decision to stress certain arguments over other arguments at the time of oral argument does not establish counsel's deficient performance. Finally, Dehamm fails to establish that he was prejudiced by counsel's performance. Accordingly, Dehamm fails to establish ineffective assistance of counsel or to raise any issue requiring an evidentiary hearing.

In sum, the Motion is denied in its entirety.

**IT IS SO ORDERED.**

DATED: April 24, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties